UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KERRY B. WILSON ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:17-0240 |
| ] | Judge Trauger |
| LISA RUSH, et al. ] | |
|     Defendants. ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee. He brings this action against Lisa Rush and Kevin Jackson, Investigators with a local drug task force, seeking injunctive relief and damages.

In April, 2015, the defendants allegedly sent an informant to the plaintiff's home to buy drugs and entrap him. They also allegedly "created false documents and fraudulent paperwork" and gave false testimony, all in an effort to convict the plaintiff. Apparently, the defendants were successful in their efforts and the plaintiff was found guilty of drug-related charges.[1]

A prisoner does not state a cognizable claim in this type of

---

[1] Normally, such a claim is brought in an action for habeas corpus relief. In this instance, however, the plaintiff is not seeking an earlier release from custody. Rather, he hopes to obtain damages and other injunctive relief.

1

action if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).

Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the validity of his confinement in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable here.

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge